**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000890
27-JUN-2012
08:10 AM**

NO. CAAP-11-0000890

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF B CHILDREN

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 09-12460)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Mother-Appellant ("Mother") appeals from the following orders and other documents, all filed on November 8, 2011, in the Family Court of the First Circuit ("Family Court"): "Orders Concerning Child Protective Act Re: [DB1 and DB2]," "Order Terminating Parental Rights Re: [SB]," and "Letters of Permanent Custody Re: [SB]".[1]

The Family Court concluded, among other things, that the February 8, 2011 Permanent Plan for DB1 and DB2 of the Department of Human Services, State of Hawai'i ("DHS"), was in the children's best interests. The express goal of the Permanent Plan was to grant the maternal grandmother legal guardianship of the children.

The Family Court concluded that DHS's February 8, 2011 Permanent Plan for SB, was in SB's best interest. The goal of

---

[1] The Honorable Gale L.F. Ching presided.

that Permanent Plan was to grant permanent custody of SB to DHS with subsequent adoption by a maternal relative.

On appeal, Mother argues that in the Family Court's "Findings of Fact and Conclusions of Law," filed on December 15, 2011, the portions of Conclusions of Law ("COL") 9, 10, and 12 that pertain to her are clearly erroneous because they are based on clearly erroneous Findings of Fact ("FOF") 45-48, 51-53, 65, and 76, and the portions of FOFs 37, 61-63, and 72 that pertain to her.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother's points of error as follows:

FOFs 45-48, 51-53, and 65 and the portions of COLs 9, 10, and 12 and FOFs 37, 61-63, and 72 that Mother disputes are not clearly erroneous because they are based on substantial evidence in the record on appeal and the transcripts of the permanency hearings. *See In re Doe*, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001) (the clearly erroneous standard of review applies to the Family Court's (i) FOFs, (ii) determinations whether a parent is (or will become, within a reasonable period of time) willing and able to provide a safe family home, and (iii) determination of what is or is not in a child's best interest); HAW. REV. STAT. § 587A-7 (Supp. 2011) (setting forth the factors to be considered in determining whether a parent is willing and able to provide a safe family home). Finally, FOF 76 is a credibility determination, which we decline to review. *In re Doe Children*, 108 Hawai'i 134, 141, 117 P.3d 866, 873 (App. 2005).

2

Therefore,

IT IS HEREBY ORDERED that the "Orders Concerning Child Protective Act Re: [DB1 and DB2]," "Order Terminating Parental Rights Re: [SB]," and "Letters of Permanent Custody Re: [SB]," all filed on November 8, 2011, in the Family Court of the First Circuit, are affirmed.

DATED:  Honolulu, Hawai'i, June 27, 2012.

On the briefs:

Leslie C. Maharaj
for Mother-Appellant

Mary Anne Magnier and
Jonathan M. Fujiyama,
Deputy Attorneys General,
for Petitioner-Appellee

Presiding Judge

Associate Judge

Associate Judge